# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE LAMONT CROMWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-68 |
| | ) | |
| v. | ) | Chief District Judge Conti |
| | ) | Chief Magistrate Judge Lenihan |
| JOHN HANCOCK, JAMES MARKLEY, THE CITY OF WASHINGTON, PENNSYLVANIA, And THE CITY OF WASHINGTON'S POLICE DEPARTMENT, | ) ) ) ) ) ) | |
| Defendants. | ) | ECF Nos. 49, 61 |

## MEMORANDUM OPINION

Plaintiff Andre Lamont Cromwell ("Plaintiff") delivered his complaint to the clerk of courts for the United States District Court for the Western District of Pennsylvania on January 18, 2011. The complaint was filed on January 20, 2011, and referred to Chief United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules of Court.

The magistrate judge's Report and Recommendation (ECF No. 61) filed on November 1, 2013, recommended that the motion to dismiss filed by defendants James Markley, John Hancock, The City of Washington's Police Department, and the City of Washington, Pennsylvania (collectively "Defendants") (ECF No. 49) be granted. Service was made on all counsel of record and on the pro se Plaintiff. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, the parties had fourteen days from the date of service to file objections to the Report and Recommendation. All parties filed objections.

With respect to Plaintiff's objections, Plaintiff's averments that officers lied about the circumstances surrounding the finding of the crack cocaine is not dispositive of the qualified immunity issue relating to the § 1983 false arrest and related claims. Reasonable officers in the position of the officers on the scene could have believed, as the events of the stop immediately unfolded, that reasonable suspicion existed for the initial investigative detention and probable cause for the furnishing alcohol to minors charge. In fact, the trial court concluded probable cause existed. While the superior court found otherwise, a reasonable officer could have believed at the time in issue that it was not necessary to witness the exchange of money for reasonable suspicion or probable cause to exist. The Court of Appeals for the Third Circuit recently noted that "there are circumstances wherein a police officer's violation of a law may be within the bounds of reason, even though the law in question can be said, from the comfort of an armchair, to be 'clearly established.'" *Kelly v. Borough of Carlisle*, ___ F. App'x ___, Nos. 12-4020, 12-4021, 2013 WL 6069275 (3d Cir. Nov. 19, 2013). The magistrate judge correctly pointed out "'that there is more than one judicial view of . . . conduct strongly suggests that qualified immunity is appropriate . . . .'") (R&R at 16) (quoting *Gilles v. David*, 427 F.3d 197, 206 (3d Cir. 2005)). Probable cause need only exist with respect to one of the charges for the arrest to be valid. *See Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) ("[p]robable cause need only exist as to any offense that could be charged under the circumstances[]"), *cited with approval in, Shelly v. Wilson*, 339 F. App'x 136, 139 n.4 (3d Cir. 2009).[1] Under the circumstances here qualified immunity applies.

---

[1] The court notes that in discussing the legal standard on a motion to dismiss, Plaintiff relies on the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957), that was rejected by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Under *Twombly*, a complaint must be dismissed for failure to state a claim if it does not contain "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 556. Here, Plaintiff set forth factual detail, but this factual detail does not show an entitlement to relief that is plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

In Plaintiff's other objections, he reargues issues that were adequately and appropriately addressed in the Report and Recommendation.

With respect to Defendants' objections, the court declines to exercise its discretion under 28 U.S.C. § 1367, and will not retain jurisdiction of Plaintiff's state law claims.

An appropriate order will be entered.

BY THE COURT

/s/ Joy Flowers Conti
JOY FLOWERS CONTI
Chief United States District Judge

Dated: February 12, 2014

cc: Andre Lamont Cromwell
Washington County Correctional Facility
100 West Cherry Avenue
Washington, PA 15301