IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE LAMONT CROMWELL,            ) | |
| ) | |
| Plaintiff,           ) | |
| ) | Civil Action No. 11-68 |
| v.            ) | |
| ) | |
| JOHN HANCOCK, Detective for the City of    ) | |
| Washington Police Department, JAMES       ) | |
| MARKLEY, Officer for the City of          ) | |
| Washington Police Department, THE CITY    ) | |
| OF WASHINGTON, PENNSYLVANIA;              ) | |
| CITY OF WASHINGTON POLICE                 ) | |
| DEPARTMENT,                               ) | |
| ) | |
| Defendants.           ) | |

# MEMORANDUM OPINION

**Conti, Chief District Judge**

Before the court is a motion filed by plaintiff Andre Lamont Cromwell ("Plaintiff") captioned "Motion Requesting Enlargement of Time to Appeal the Court's Decision Granting the Defendants' Motion to Dismiss and or Enlargement of Time to Refile State Law Claims in State Court." (ECF No. 74.) For the reasons that follow, the motion will be denied.

## I.    Procedural History

On March 21, 2013, defendants John Hancock, James Markley, City of Washington, Pennsylvania, and City of Washington Police Department (collectively "Defendants"), filed a motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 49.) On February 13, 2014, after review of the pleadings, the briefing associated with the motion, the report and recommendation filed by the magistrate judge assigned to the case, and the objections filed by Plaintiff, the undersigned granted

Defendants' motion to dismiss. This court's memorandum opinion was sent to Plaintiff's address of record, which was the Washington County Correctional Facility in Washington, Pennsylvania. (ECF No. 71 at 3.) On that same date, the court entered an order dismissing all federal claims with prejudice, and all state law claims without prejudice to Plaintiff's ability to refile them in state court. (ECF No. 72.) The clerk was ordered to mark the case closed. (Id.) As with the memorandum opinion, the order, on its face, reflects that it was sent to Plaintiff's address of record. (Id.)

On March 21, 2014, a staff note was entered on the docket indicating that the memorandum opinion and order that were "mailed to defendant at the Washington County Correctional Facility [were] returned marked 'Inmate Released'." (3/21/14 Staff Note.) On April 21, 2014, the clerk of court docketed a correspondence from Plaintiff, dated April 16, 2014, reflecting that Plaintiff's mailing address had changed to the State Correctional Institute in Camp Hill, Pennsylvania. (ECF No. 73.) According to Plaintiff, he did not receive a copy of the court's February 13, 2014 memorandum opinion and order until around May 2, 2014, "after [he] sent a notice to the U.S. District Clerk inquiring into whether or not there had been any new entries made in this case." (ECF No. 74 at 2.)

On May 19, 2014, more than ninety days after the court entered its order granting Defendants' motion to dismiss and closing the case, Plaintiff filed a "Motion for Extension of Time to Appeal the Court's Decision Granting the Defendants' Motion to Dismiss and or Enlargement of Time to Refile State Law Claims." (ECF No. 74.) Defendants filed a brief in opposition to the motion on June 20, 2014. (ECF No. 76.)

## II. Parties' Arguments

Plaintiff concedes that he failed to file a notice of appeal within the thirty-day time period set forth in Federal Rule of Appellate Procedure 4(a)(1)(A), but asserts that he "was unable to inform the United States District Clerk of his change of address" because he "was under enormous stress" caused by the denial of an emergency continuance of a criminal proceeding, for which a jury trial was scheduled without notice, ultimately resulting in a coerced guilty plea on February 7, 2014. (ECF No. 74 at 2.) Plaintiff also faults the Washington County Correctional Facility for failing to forward the court's February 13, 2014 opinion and order to his home address "which he was released to on nominal bail." (Id. at 3.)

In response, Defendants note that, as conceded by Plaintiff, he failed to file a notice of appeal "within 30 days after entry of the judgment or order appealed from," and failed to file his motion for an extension of time within sixty days after the court issued its February 13, 2014 opinion and order, in accordance with the Federal Rules of Appellate Procedure. (ECF No. 76 at 2, 5); Fed. R. App. P. 3, 4(a)(1)(A), 4(a)(5)(A). Defendants contend that this court cannot reopen the time period in order to allow Plaintiff to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(6)(A) because Plaintiff received notice of the February 13, 2014 opinion and order. (ECF No. 76 at 6); Fed. R. App. P. 4(a)(6)(A); Fed. R. Civ. P. 5(b)(2)(C), 77(d). According to Defendants, the fact that Plaintiff was unable to timely notify the court of his change of address due to "enormous stress," does not alter the fact that the clerk of court effectuated service of the February 13, 2014 opinion and order in accordance with the standards and procedures set forth in the Federal Rules of Civil Procedure. (ECF No. 76 at 6-7.)

3

III. <u>**Analysis**</u>

A. <u>**Motion for Extension of Time to Appeal**</u>

The order from which Plaintiff wishes to appeal was docketed on February 13, 2014. (ECF Nos. 71, 72.) A copy of the order, and accompanying memorandum opinion, were immediately mailed to Plaintiff at his address of record, but were returned to the court as undeliverable. (<u>Id.</u>; 3/21/14 Staff Note.) Plaintiff did not notify the court of his change of address until April 16, 2014, which is more than two months after Plaintiff allegedly entered a "coerced [guilty] plea" during a period of "enormous stress." (ECF Nos. 73, 7 at 2.) After being informed around May 2, 2014, that an order granting Defendants' motion to dismiss was entered, Plaintiff filed a motion for an extension of time to file a notice of appeal, which was postmarked on May 15, 2014, and docketed by this court on May 19, 2014. (ECF No. 74.) Based upon this chronology, there is no dispute that Plaintiff missed the thirty-day deadline for filing a notice of appeal, and the sixty-day deadline for moving for an extension of time to file a notice of appeal. FED. R. APP. P. 4(a)(1)(A), 4(a)(5)(A)(i).

Under Federal Rule of Appellate Procedure 4(a)(6), a district court is vested with the discretion to reopen the time to file an appeal, but only if:

> (1) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (2) The motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (3) The court finds that no party would be prejudiced. FED.R.APP.P. 4(a)(6).

The Rule provides a limited safety net for a litigant to preserve his or her appellate rights by striking a balance between the competing interests of protecting the finality of judgments, and

providing relief to those whose appellate rights are compromised through no fault of their own. See Baker v. United States, 534 F.Supp.2d 578, 582 (W.D. Pa. 2008), aff'd, 670 F.3d 448 (3d Cir. 2012). At the same time, however, parties are "encourage[d]…to diligently monitor the status of their cases so as to protect their appellate rights" and to "energize themselves…to discover the entry [of orders], with or without notice." Id. (citing decisions).

In order to avail himself of the relief provided by Rule 4(a)(6), Plaintiff must establish that he "did not receive notice under Federal Rule of Civil Procedure 77(d)" of the February 13, 2014 opinion and order. Under Federal Rule of Civil Procedure 77(d)(1) notice is provided by meeting the requirements of Federal Rule of Civil Procedure 5(b). FED. R. CIV. P. 77(d)(1). According to Rule 5(b)(2)(C), service of a paper can be made by "mailing it to the person's last known address—in which event service is complete upon mailing." FED. R. CIV. P. 5(b)(2)(C). Plaintiff received notice of the February 13, 2014 opinion and order within the meaning of the Federal Rules of Civil Procedure when the clerk of court mailed it to Plaintiff's last known address. Because Plaintiff cannot satisfy the first of the three conditions set forth in Federal Rule of Appellate Procedure 4(a)(6), Plaintiff is not entitled to relief pursuant to that rule, and the court cannot reopen the time period in which to file a notice of appeal.

Federal Rule of Appellate Procedure 4(a) sets forth all circumstances under which a party may file a notice of appeal, or a motion to extend or reopen the time period to file a notice of appeal, even where a party alleges a lack of notice. FED. R. CIV. P. 77(d)(2). As set forth above, Plaintiff missed the deadlines set forth for filing a notice of appeal, or a motion for an extension of time to file a notice of appeal. FED. R. APP. P. 4(a)(1), 4(a)(5). This court cannot reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) because Plaintiff received notice of the February 13, 2014 opinion and order within the meaning of

5

Federal Rule of Civil Procedure 5(b)(2)(C). Plaintiff does not qualify for relief under Federal Rule of Appellate Procedure 4(a).

Although Plaintiff alleges that his failure to timely notify this court of his change of address should be excused because he was under "enormous stress" at the time, nothing in Plaintiff's submission indicates that his February 7, 2014 guilty plea somehow prevented him from providing notice of his new address to the court prior to April 2014, or from independently discovering the entry of the February 13, 2014 opinion and order on the docket prior to May 2014. There is no indication in the record that the correctional facility at which he was formerly housed had an obligation to forward mail to his home address once he was released. To the extent Plaintiff is seeking equitable relief from this court with respect to the various deadlines set forth in the Federal Rules of Appellate Procedure, he provides no facts or circumstances that would warrant such relief, assuming for the sake of argument that it could be made available to him by this court.

The court, therefore, will deny Plaintiff's motion for an extension of time to file a notice of appeal.

### B. Motion for Enlargement of Time to Refile State Law Claims

In the alternative, Plaintiff seeks to enlarge the time to refile his state law claims in state court. Plaintiff offers no argument relating specifically to this portion of his motion, and Defendants do not offer argument in opposition to this relief. Under 28 U.S.C. § 1367(d), "[t]he period of limitations for any [state law claims], . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d). The court can find no legal authority to support the proposition that a federal district court has the power to extend the thirty-day tolling period provided for in §

1367(d). In any event, whether claims pled in a yet-to-be-filed state court complaint are timely filed is a matter for the state court, not this court, to decide.

The court, therefore, will deny Plaintiff's motion for enlargement of time to refile state law claims.

IV.     **Conclusion**

For the reasons discussed above, the court will deny Plaintiff's motion in its entirety. (ECF No. 74)

An appropriate order will be entered contemporaneously with this opinion.


October 24, 2014                                       */s/ Joy Flowers Conti*
                                                       Joy Flowers Conti
                                                       Chief United States District Judge


cc:     Andre Lamont Cromwell
        LL4349
        SCI Somerset
        1600 Walters Mill Road
        Somerset, PA  15510