# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE LAMONT CROMWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 11-68 |
| JOHN HANCOCK, Detective for the City of Washington Police Department, JAMES MARKLEY, Officer for the City of Washington Police Department, THE CITY OF WASHINGTON, PENNSYLVANIA; CITY OF WASHINGTON POLICE DEPARTMENT, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

**CONTI, Chief District Judge**

On October 24, 2014, this court entered an opinion and order denying plaintiff's motion for enlargement of time to appeal. (ECF Nos. 77 & 78.) On November 6, 2014, the court docketed a filing mailed by plaintiff Andre Lamont Cromwell ("Plaintiff") to the court captioned "Plaintiff's objection to the court's order entered on October 24, 2014, denying the Plaintiff's motion for extension of time to appeal and enlargement of time to refile state law claims." (ECF No. 79.) The court construes Plaintiff's "objection" as a motion for reconsideration. For the reasons that follow, the motion will be denied.

Plaintiff argues in his motion for reconsideration that his previously-filed motion for an enlargement of time to appeal must be granted because he did not receive a service copy of Defendants' response to that motion, even though he filed a change of address with the court four days before Defendants filed their response. (ECF No. 79.) Plaintiff contends that because he never received a copy of Defendants' response in opposition to his motion for an enlargement

of time, the "response must be rendered untimely. And because the defendants would not be prejudiced from the Court granting plaintiff's motion for an extension of time the Court must grant said motion." (ECF No. 79 at 2.)

In response to this most recent filing, Defendants indicate that they did send a copy of their response to Plaintiff's updated address of record, as reflected on the certificate of service attached to their response. (ECF No. 80 at 2.) Defendants further note that even if their response is deemed to be untimely, the court has the discretion to consider an untimely-filed response, but even the absence of a response would not change the legal basis for the court's opinion and order. (Id.) Finally, Defendants state that they would be greatly prejudiced if Plaintiff was permitted an extension to file an appeal because they would have to spend time and money responding to the untimely appeal.

The United States Court of Appeals for the Third Circuit has instructed that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Moreover, evidence that is not newly discovered may not be submitted in support of a motion for reconsideration. Id. at 909 (citing DeLong Corp. v. Raymond Int'l Inc., 622 F.2d 1135, 1139-40 (3d Cir. 1980)). Therefore, motions for reconsideration will be granted only where a party demonstrates: "(1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises." D'Angio v. Borough of Nescopeck, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is an extraordinary remedy, and therefore, such motions are to be sparingly granted. Id. at 504.

Here, the motion for reconsideration must be denied. Plaintiff does not argue that an intervening change in the law has occurred. Plaintiff does not suggest that new evidence not previously available has emerged, or that there is a need to correct a clear error of law or prevent a manifest injustice. Plaintiff argues only that this court should reverse the substantive ruling on his motion for an enlargement of time to appeal because he did not receive a service copy of Defendants' response to that motion. The court explained, in detail, why Plaintiff does not qualify for relief under Federal Rule of Appellate Procedure 4(a). (ECF No. 77.) The court's reasons and analysis would not change because Defendants' opposition brief was tardy. Even if Defendants failed entirely to respond to Plaintiff's motion the motion would still have been denied because Plaintiff does not qualify for relief under Federal Rule of Appellate Procedure 4(a), having received notice of the court's February 13, 2014 opinion and order within the meaning of Federal Rules of Civil Procedure 77(d)(1) and 5(b)(2)(C). (ECF No. 77.) Assuming Plaintiff is correct that Defendants failed to mail a copy of their opposition brief to him, a finding that contradicts the record, Plaintiff would still not be entitled to an order extending the deadline to appeal from this court's February 13, 2014 opinion and order. Plaintiff's motion for reconsideration must, therefore, be denied.

An appropriate order will be entered contemporaneously with this opinion.

December 4, 2014   /s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

cc:   All counsel of record via CM/ECF notification

Andre Lamont Cromwell
LL4349
SCI Somerset
1600 Walters Mill Road
Somerset, PA  15510